United States Bankruptcy Court
Northern District of Florida

In re:  
Thomas Boyson Barwick  
    Debtor

Case No. 20-10005-KKS  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 1129-1      User: admin      Page 1 of 1      Date Rcvd: May 18, 2020  
                      Form ID: 318      Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 20, 2020.
```
db            +Thomas Boyson Barwick,    PO Box 231,    Mayo, FL 32066-0231
smg           +U.S. Attorney (Tallahassee Office),    111 N. Adams Street,    Fourth Floor,
                Tallahassee, FL 32301-7736
2326786       +Brett A. Marlowe, Esq.,    Turner Padget & Bennett, LLC,    214 South Lucerne Circle East,
                Suite 201,    Orlando, FL 32801-3714
2326789       +Mary Lou Barwick,    PO Box 572,    Mayo, FL 32066-0572
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            EDI: FLDEPREV.COM May 19 2020 07:08:00      Florida Dept. of Labor/Employment Security,
                c/o Florida Dept. of Revenue,    P.O. Box 6668,    Tallahassee, FL  32314-6668
smg            EDI: FLDEPREV.COM May 19 2020 07:08:00      Florida Dept. of Revenue,    Bankruptcy Unit,
                P.O. Box 6668,    Tallahassee, FL  32314-6668
2326787        EDI: CAPITALONE.COM May 19 2020 07:08:00      Capital One,   PO Box 60599,
                City of Industry, CA 91716-0599
2326788        E-mail/PDF: creditonebknotifications@resurgent.com May 19 2020 03:21:14      Credit One Bank,
                Post Office Box 60500,    City of Industry, CA 91716-0500
2326790        E-mail/PDF: MerrickBKNotifications@Resurgent.com May 19 2020 03:24:01      Merrick Bank,
                PO Box 660702,    Dallas, TX 75266-0702
2327147       +EDI: PRA.COM May 19 2020 07:08:00      PRA Receivables Management, LLC,    PO Box 41021,
                Norfolk, VA 23541-1021
2326791       +E-mail/Text: bankruptcy@southstatebank.com May 19 2020 03:10:37      South State Bank,
                Bankruptcy,    PO Box 118068,    Charleston, SC 29423-8068
2326792       +E-mail/Text: bankruptcynotice@westlakefinancial.com May 19 2020 03:10:34      Westlake Financial,
                4751 Wilshire Blvd, #100,    Los Angeles, CA 90010-3847
                                                                                                TOTAL: 8

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2020                         Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 18, 2020 at the address(es) listed below:  
NONE.                                                                                                             TOTAL: 0

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Thomas Boyson Barwick** | Social Security number or ITIN   **xxx–xx–4180** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Northern District of Florida** | | |
| Case number:  **20–10005–KKS** | | |

# Order of Discharge                                                                                                   12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Thomas Boyson Barwick
aka Thomas Barwick, aka Thomas B Barwick

5/18/20                                                                      **By the court:**   Karen K. Specie
                                                                                                                                 United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**